**Yong Jin LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–6614–AG.

United States Court of Appeals, Second Circuit.

Feb. 9, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Paul S. Padda, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yong Jin Li, through counsel, petitions for review of the order of the Board of Immigration Appeals ("BIA"), affirming a decision of an Immigration Judge ("IJ") dismissing Li's joint application for asylum, withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. § 1231(b)(3), and protection under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Before a petitioner can seek judicial review of a final order of removal, he must exhaust all available administrative remedies. *See* 8 U.S.C. § 1252(d).

This petitioner's notice of appeal to the BIA merely challenged the IJ's adverse credibility determination—a finding the IJ did not make. Moreover, his brief to the BIA, arguing that the withdrawal of his asylum application should be excused for mistake of fact, cannot be said to have fairly apprised the BIA of his unknowing and involuntary waiver claim. Further, because the petitioner withdrew his application, his claim for asylum relief cannot be reviewed. The petition is therefore denied.

Even accepting the petitioner's argument that he properly exhausted his

claims, a review of the record reveals that the petitioner knowingly and voluntarily withdrew his application. *See United States v. Copeland,* 376 F.3d 61, 68 (2d Cir.2004) (stating that an alien's knowing and voluntary waiver of his rights is effective to insulate the decision from review).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).